IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALE C. GAVER, JR.,<br>      Plaintiff,<br><br>v.<br><br>STATE OF IOWA, STATE OF IOWA DEPARTMENT OF MANAGEMENT, STATE OF IOWA DEPARTMENT OF TRANSPORTATION, UNITED STATES OF AMERICA, CITY OF COUNCIL BLUFFS, HAWKINS CONSTRUCTION COMPANY, JOHN DOE CONSTRUCTION COMPANY(IES)<br>Jointly and Severally,<br>      Defendants. | Court Case No. 8:17-CV-249<br><br>COMPLAINT |

COMES NOW Plaintiff and for his cause of action against Defendants, jointly and severally, alleges and states as follows:

1. That Plaintiff Dale C. Gaver, Jr. at all times material and relevant herein was a resident of Omaha, Douglas County, Nebraska.

2. That at all times relevant Plaintiff was the operator of a motor vehicle.

3. That on July 12, 2015, the vehicle being driven by Plaintiff Dale C. Gaver, Jr. entered onto what had been the on ramp to Interstate 80 from the South Expressway southbound near the area of 29th Avenue and South Expressway in Council Bluffs, Iowa at approximately 2:30 a.m. The on ramp had been turned into an off ramp for Exit 3 of Interstate 80 West but was improperly marked to indicate that the on ramp had been changed into an off ramp. Mr. Gaver was forced off the road to avoid a head on collision on the ramp. Mr. Gaver's vehicle was totaled. Mr. Gaver suffered severe and permanent injuries.

4. The name of the other construction company(ies) contracted to perform on this construction project are unknown to Plaintiff but are known to Defendants and are additionally jointly and severally liable herein.

5. At the time of the accident, Defendants, jointly and severally, were negligent, grossly negligent, and reckless in the following particulars:

a. Defendants are each jointly and severally liable for improper and inadequate planning in the construction site and construction project where Plaintiff's injuries occurred.

b. Defendants are each jointly and severally liable for improper and inadequate signage in the construction site and construction project where Plaintiff's injuries occurred.

c. Defendants are each jointly and severally liable for improper and inadequate management and oversight of the construction site and construction project where Plaintiff's injuries occurred.

d. Defendants are each jointly and severally liable for failing to properly vet and contract with any contractors or subcontractors on the construction site and for the construction project where Plaintiff's injuries occurred.

e. Defendants are each jointly and severally liable for failing to maintain a safe construction site where Plaintiff's injuries occurred;

f. Defendants are each jointly and severally liable for failing to close the ramp at the construction site where Plaintiff's injuries occurred;

g. Defendants are each jointly and severally liable for failing to properly mark the construction site where Plaintiff's injuries occurred;

h. Defendants are each jointly and severally liable for failing to close the construction site where Plaintiff's injuries occurred after a previous accident on the ramp; and

i. Defendants are each jointly and severally liable for failing to change the signage where Plaintiff's injuries occurred after a previous accident on the ramp;

6. As a direct and proximate result of the improperly marked exit and the negligence, gross negligence and recklessness of the Defendants, as hereinabove set forth, Plaintiff suffered injuries to his neck, back, upper extremities, lower extremities and to his body as a whole. Plaintiff suffered severe, painful and permanent injuries.

7. As a further direct and proximate result of the improperly marked exit and injuries sustained therefrom, Plaintiff has incurred medical expenses in excess of $86,450.00 and will incur medical expenses into the future.

8. Plaintiff remains under the care of a physician due to his injuries he sustained; said injuries remain permanent in nature and cause severe physical pain and suffering and will continue to cause Plaintiff pain and suffering for the rest of his life. Plaintiff has suffered mental and emotion anguish as a result of Defendants' negligence, gross negligence and recklessness and will continue to suffer mentally and emotionally.

9. As a further direct and proximate result of the actions of Defendants and injuries sustained therefrom, Plaintiff has lost wages and a future loss of earning capacity and loss wages of at least $200,000.00 and will continue to incur loss wages and loss of earning capacity in the future.

10. As a further direct and proximate result of the negligence, gross negligence and recklessness of the Defendants, Plaintiff has suffered and will continue to suffer a loss of the quality and ability to enjoy his life.

11. Plaintiff has also suffered property damage to his personal property and vehicle.

12. Plaintiff has also submitted his tort claim to the State of Iowa State Appeal Board, the U.S. Department of Transportation, and the City of Council Bluffs, directly.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, for any special damages incurred hereafter, for general damages for his injuries, for medical expenses to date; for future medical expenses; for past and future lost wages; for loss of earning capacity; for pain and suffering; for loss of enjoyment of life; for costs and attorney fees expended herein; and for such other further relief as this Court may deem just and equitable. Plaintiff requests the matter be heard before a jury of his peers.

Dated this 11th day of July, 2017.

DALE C. GAVER, JR., Plaintiff

By: _Brendan M. Kelly_
Brendan M. Kelly, #12185
Fowler & Kelly Law, LLP
1904 Farnam Street, Suite 101
Omaha, NE 68102
Ph. (402) 455-1711
Fx. (402) 408-6576
BestLegalHelp@outlook.com
Plaintiff's Attorney

FURTHER AFFIANT SAYETH NOUGHT.

County of Douglas  SS
State of Nebraska

_____
DALE C. GAVER, JR.

SUBSCRIBED AND SWORN to before me this 11th day of July, 2017.

_____
Notary Public

(Seal)

GENERAL NOTARY-State of Nebraska
JULIE A FOWLER
My Comm. Exp. October 6, 2019